JOSHUA A. SLIKER, ESQ
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*United Rentals (North America), Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES PALMERI,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>UNITED RENTALS (NORTH AMERICA), INC.; DOE INDIVIDUALS I through X; and ROE ENTITIES I through X,<br><br>　　　　　Defendants. | Case No.: 2:22-cv-1981-JCM-NJK<br><br>**DEFENDANT UNITED RENTALS (NORTH AMERICA), INC.'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT (ECF No. 1-1)**<br><br>**(FIRST REQUEST)** |

Defendant United Rentals (North America), Inc. ("Defendant" or "United Rentals"), by and through its counsel, the law firm of Jackson Lewis P.C., hereby brings the instant Motion for Extension of Time to Respond to Plaintiff's Complaint. Defendant's response to the Complaint is currently due on December 5, 2022. Defendant seeks an extension up to an including to **December 16, 2022**. This is the first request by Defendant to extend time to file its response to the Complaint. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.　BACKGROUND**

This is a breach of contract case arising out of Plaintiff James Palmeri's employment as a Key Account Manager with Defendant United Rentals. Plaintiff filed his Complaint in the Eighth Judicial District Court, Clark County, Nevada, on October 24, 2022. Defendant was served with the Summons and Complaint on October 31, 2022 and removed the case to this Court on November 28, 2022.

## II. **LEGAL ARGUMENT**

Fed. R. Civ. P. 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ."[1] "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)) (internal quotations omitted).

Here, there is good cause to extend the time for Defendant to file its response to Plaintiff's Complaint to December 16, 2022. Plaintiff's allegations appear to be primarily that he was not paid commissions correctly under the terms of United Rentals' commission program. *See* Complaint, ECF No. 1-1. Plaintiff also alleges non-payment of certain salary and bonuses. *Id.* at ¶ 16. Defendants' Counsel is investigating the allegations in Plaintiff's Complaint, including whether Plaintiff's commissions were correctly calculated, and analyzing the employment agreements cited by Plaintiff. Defendant is hopeful that clarity on these items will help simplify the issues in this case and aid in early resolution. This is preferred given that Plaintiff is party to an Arbitration Agreement which encompasses the claims asserted in this case, and as a result, Defendant would have to incur time and expense in preparing a motion to compel arbitration. An extension would serve judicial economy by allowing time for settlement discussions which may have the effect of removing this case from the court's docket entirely.

Defendant requires time to have a fair and sufficient opportunity to investigate and evaluate these matters, and to attempt early resolution in advance of engaging in motion practice. As such, Defendant expressly reserves the right to assert defenses, including without limitation, motions under Fed. R. Civ. P. 12(b), as no such motion is made here and therefore none are waived. *Szanto v. Marina Marketplace 1, LLC*, No. 3:11-cv-00394-RCJ-VPC, 2013 U.S. Dist. LEXIS 168028, at *10 (D. Nev. Nov. 26, 2013). Defendant has acted diligently to retain defense counsel and begin preparing its defense. No prior extensions have been requested, and this request is not made in bad faith or to delay the proceedings.

### III.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant its Motion to Extend Time to Respond to Plaintiff's Complaint up to and including December 16, 2022.

Dated this 5th day of December, 2022.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ
Nevada Bar No. 12493
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorneys for Defendant*
*United Rentals (North America), Inc.*

### ORDER

**IT IS SO ORDERED.**

UNITED STATES MAGISTRATE JUDGE

Dated: December 14, 2022